FILED

1   Tammy Hussin (Bar No. 155290)
2   Lemberg & Associates, LLC
3   6404 Merlin Drive
    Carlsbad, CA 92011
4   Telephone (855) 301-2100 ext. 5514
    thussin@lemberglaw.com
5
6   Lemberg & Associates, LLC
7   1100 Summer Street
    Stamford, CT 06905
8   Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
9
10  Attorneys for Plaintiff,
    Keith Engelhardt
11
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                      EASTERN DIVISION
16          ED  CV  12  -  01891  MMM  (DTBx)
17
    Keith Engelhardt,                    Case No.:
18
19          Plaintiff,                   **COMPLAINT FOR DAMAGES**
                                         **1. VIOLATION OF FAIR DEBT**
20      vs.                              **COLLECTION PRACTICES ACT,**
                                         **15 U.S.C. § 1692 ET. SEQ;**
21                                       **2. VIOLATION OF FAIR DEBT**
    Diversified Collection Services, Inc.aka   **COLLECTION PRATICES ACT,**
22  Performance Recovery Inc.; and DOES 1-      **CAL.CIV.CODE § 1788 ET. SEQ.**
23  10, inclusive,
24          Defendants.                  **JURY TRIAL DEMANDED**
25
26
27
28  _____
                                         COMPLAINT FOR DAMAGES

2012 OCT 31 PM 1:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

For this Complaint, the Plaintiff, Keith Engelhardt, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.    The Plaintiff, Keith Engelhardt (hereafter "Plaintiff"), is an adult individual residing in Hemet, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Diversified Collection Services, Inc. aka Performance Recovery Inc. ("Diversified"), is a California business entity with an address of 333 N. Canyons Parkway 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $33,000.00 for a student loan (the "Debt") to creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.      Diversified Engages in Harassment and Abusive Tactics

12.     Within the last year, Diversified contacted Plaintiff in an attempt to collect the Debt.

13.     Diversified contacted Plaintiff's parents in an attempt to collect the Debt. Diversified disclosed the existence of the Debt to Plaintiff's parents, causing great humiliation and embarrassment to Plaintiff.

14.     Plaintiff contacted Diversified in an effort to arrange to make small payments toward the Debt, and explained to Diversified that he was currently experiencing financial hardship.

15.     In response, Diversified demanded that Plaintiff immediately enter into a payment program with Diversified and demanded that Plaintiff pay a monthly amount that he could not afford. Plaintiff advised Diversified that the amount it demanded he pay was not possible due to his financial constraints and instead offered to pay $150 per month to Diversified.

16.     Diversified refused to accept Plaintiff's offer and demanded that Plaintiff immediately agree to enter into a monthly payment agreement in an amount that Plaintiff could not afford. Diversified threatened Plaintiff that if he did not enter into the demanded payment agreement within 48 hours, Diversified would immediately begin garnishing Plaintiff's wages.

17.     At the time Diversified made the threat, Plaintiff had not received a Notice of Intent to Garnish as required by law prior to instituting an administrative wage garnishment, and therefore had no present legal ability to affect an immediate garnishment as threatened.

COMPLAINT FOR DAMAGES

18.     Diversified's demand for immediate payment or otherwise face immediate garnishment overshadowed Plaintiff's rights provided to him under the FDCPA.

19.     Diversified failed to provide Plaintiff with written notification of his rights regarding the Debt within five days of its initial contact with him as required by law.

C.     **Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

25.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27.     The Defendants threatened the Plaintiff with imminent wage garnishment if the debt was not paid without having the present ability to affect a wage garnishment, in violation of 15 U.S.C. § 1692e(4).

28.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34.     Diversified Collection Services, Inc.aka Performance Recovery Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35.     The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

36.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

37.     The Defendants communicated information about the debt to the Plaintiff's extended family, in violation of Cal. Civ. Code § 1788.12(b).

38.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

39.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41.    The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42.    The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

43.    All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

44.    Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

45.    Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

46.    Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

      A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

      B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

      C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

      D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

      E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

      F.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

      G.  Punitive damages; and

      H.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

         COMPLAINT FOR DAMAGES

1

2  DATED:  October 26, 2012          TAMMY HUSSIN

3

4                                    By:_____

5                                    Tammy Hussin, Esq.

6                                    Lemberg & Associates, LLC
                                     Attorney for Plaintiff, Keith Engelhardt
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES